UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMETRIUS L. STURGIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02996-TWP-MG |
| | ) |
| MARODO, | ) |
| KOENIG, | ) |
| MATHEMA, | ) |
| BOLDMAN, | ) |
| YEA YEA, | ) |
| HOWARD, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND PROVIDING OPPORTUNITY TO SHOW CAUSE**

Plaintiff Demetrius Sturgis, an Indiana Department of Correction (IDOC) inmate housed at Pendleton Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 2. Because Mr. Sturgis is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Sturgis are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Sturgis names several Pendleton Correctional Facility employees in his complaint—Sgt. Marodo, Officer Koenig, Officer Mathema, Capt. Boldman, Sgt. Yea Yea, and Sgt. Howard. Dkt. 2. Mr. Sturgis alleges that on June 7, 2021, Officer Koenig subjected him to oleoresin capsicum spray (OC), and he used at least a quarter to a half can of the chemical agent. *Id.* at 2. Mr. Sturgis is unaware of the reason that he was subjected to OC spray and does not know why the officers said he spit on Officer Koenig. *Id.* at 2-3. He was then placed in the shower and was ready to exit the shower after about 20 minutes. *Id.* Mr. Sturgis alleges that he told all of the defendants that he was ready to get out of the shower. *Id.* Officer Yea Yea told him he would not remove him, Officer Koenig told him this is what he gets for spitting on him, Sgt. Howard ignored him, and Officer Mathema said he was busy. *Id.* Mr. Sturgis then "continued to kick, scream, and yell to get out [of] the shower" but was ignored. *Id.* Capt. Boldman told him that he should not have assaulted an officer by spitting on him and the staff would get to him when they felt like it. *Id.* Sgt. Marodo did not assist him and told him that he should not have assaulted an officer. *Id.*

Mr. Sturgis alleges that he was left in the shower for 5 hours and was not fed for 24 hours. *Id.* He seeks monetary damages from each defendant. *Id.* at 4.

## III. Discussion

The Court discerns that the primary focus of Mr. Sturgis' complaint is that he was not fed for 24 hours and was left in the shower for 5 hours. The Court construes these allegations as a claim under the Eighth Amendment concerning the conditions of Mr. Sturgis' confinement.

The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citation and internal quotations omitted). Pursuant to the Eighth Amendment, prison officials have the duty to provide humane conditions of confinement: "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation omitted). To succeed on a conditions-of-confinement claim under the Eighth Amendment, a plaintiff must demonstrate that 1) he was incarcerated under conditions that posed a substantial risk of objectively serious harm, and 2) the defendants were deliberately indifferent to that risk, meaning they were aware of it but ignored it or failed "to take reasonable measures to abate it." *Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014); *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (citing cases).

The objective showing requires "that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (internal quotation omitted). "According to the Supreme Court, … 'extreme deprivations are required to make out a conditions-of-confinement claim.'" *Id.* (quoting *Hudson*, 503 U.S. at 9). "If under contemporary standards the conditions cannot be said to be cruel and unusual, then they are not unconstitutional, and [t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* (internal quotation omitted).

"[N]ot all withholding of food constitutes a Constitutional violation; a court must 'assess the amount and duration of the deprivation.'" *Id.* (quoting *Reed v. McBride*, 178 F.3d 849, 853 (7th

Cir. 1999). Mr. Sturgis does not allege that he was subjected to a lengthy deprivation of food—one day—nor has he made any showing of injury or lasting harm. *See, e.g., Morris v. Kingston*, 368 F. App'x 686, 688-89 (7th Cir. 2010) (Under the Eighth Amendment, there was no showing of lasting harm where plaintiff missed 17 meals in less than one month.).

Likewise, Mr. Sturgis has not alleged how being made to stay in the shower area for 5 hours caused him injury or lasting harm. Nor has he set forth any allegations to describe that he experienced any harsh conditions. Rather, Mr. Sturgis alleged that he was finished with his shower and wanted to be removed from the area to presumably go back to his housing unit. Mr. Sturgis' situation does not establish that he "suffered a sufficiently serious constitutional deprivation which must be 'extreme' to be actionable" under the Eighth Amendment. *See, e.g., Cunningham v. Eyman*, 17 F. App'x 449, 453 (7th Cir. 2001) (Eighth Amendment not implicated when inmate spent "16 hours in shackles and four to five hours in soiled clothing"). Allegations that an inmate is put in a cell "with no running water, mattress, blankets or clothing, and later ordered that he be physically restrained for several hours without clothing" alone are insufficient to sustain an Eighth Amendment claim. *See Young v. Schwenn*, 2021 WL 3662906, at *3-*4 (W.D. Wis. Aug. 18, 2021) (summary judgment denied due to *more severe* allegations that inmate was denied water for multiple days and had to drink toilet water due to dehydration) (emphasis added).

Mr. Sturgis allegations related to deprivation of food and being made to stay in the shower, considered alone and together, are not sufficient to state an Eighth Amendment claim. Therefore, any Eighth Amendment conditions-of-confinement claims **are dismissed** for failure to state a claim upon which relief maybe granted.

Mr. Sturgis also alleges that Officer Koenig used excessive force when he sprayed at least

a quarter to half of a can of chemical agent on Mr. Sturgis. This claim **shall proceed** as an Eighth Amendment excessive force claim against only Officer Koenig.

### IV. Service of Process

**The clerk is directed to issue process** to defendant Officer Koenig in a manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**The clerk is directed to serve this IDOC employee electronically**.

### V. Conclusion

The claims identified in Part III include all the viable claims identified by the Court. **All other claims are dismissed**. If Mr. Sturgis believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 29, 2022**, to identify those claims.

**The clerk is directed to issue service of process** to defendant Officer Koenig in the manner specified in Part IV.

**The clerk is directed to terminate** Sgt. Marodo, Officer Mathema, Capt. Boldman, Sgt. Yea Yea, and Sgt. Howard as defendants on the docket.

**IT IS SO ORDERED.**

Date:  3/2/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEMETRIUS L. STURGIS
281702
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to Indiana Department of Correction:

Officer Koenig