UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMETRIUS L. STURGIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02996-TWP-MG |
| | ) |
| KOENIG, | ) |
| | ) |
| Defendant. | ) |

**Order Granting Motion to Proceed, Motion to Grant, and Motion for Court Assistance, Reconsidering Screening Order and Directing Issuance of Process**

This matter is before the Court on Plaintiff Demetrius Sturgis's ("Sturgis") Motion to Proceed, (Dkt. 14), Motion to Grant, (Dkt. 21), and Motion for Court Assistance, (Dkt. 22). Sturgis, a prisoner incarcerated at Pendleton Correctional Facility, filed this civil rights lawsuit alleging that Defendant Koenig ("Officer Koenig") sprayed him with oleoresin capsicum ("OC") spray without reason. He also alleged that Officer Koenig and other officers held him in the shower cell for five hours and denied him food for 24 hours. The Court screened Sturgis's complaint as required by 28 U.S.C. § 1915A, dismissed his claims regarding the shower cell and the denial of food, and allowed the OC claim to proceed. (Dkt. 10). Sturgis has filed several motions in which he seeks reconsideration of that Order, arguing that he has stated viable claims related to the shower cell and the denial of food.

**I. Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

In support of his motions, Sturgis asserts that he was left in the shower cell for five hours and remained in pain from the OC spray, which the shower did not alleviate. He alleges that he should not have been denied meals for 24 hours and that the defendants held him in the shower and denied him food in retaliation for having allegedly spit on Officer Koenig.

Based on the screening standard set forth above, Sturgis's Motions will be granted to the extent that his claim that he was held in the shower cell for five hours without relief from the OC spray and was denied food for 24 hours shall proceed against Officer Koenig, Sergeant Marodo, Officer Mathema, Captain Boldman, Sergeant Yea Yea, and Sergeant Howard under the Eighth Amendment.

Any retaliation claim remains dismissed. To establish a prima facie case of unlawful retaliation, a plaintiff must show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to

take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Sturgis alleges that the defendants retaliated against him because he spit on Officer Koenig. While Sturgis denies doing so, even if he had, this is not activity that is protected by the First Amendment. *See Wisconsin v. Mitchell*, 508 U.S. 476, 484 (1993) ("[A] physical assault is not by any stretch of the imagination expressive conduct protected by the First Amendment.").

### III. Conclusion

As discussed above, Sturgis's motion to proceed, dkt. [14], motion to grant, dkt. [21], and motion for court assistance, dkt. [22], are each **GRANTED** to the extent that his claims will be permitted to proceed as discussed above.

The Court notes that Sturgis also challenges the defendant's affirmative defense that he failed to exhaust his available administrative remedies before filing this lawsuit. That challenge, however, is unnecessary at this time. Because the Court is allowing additional claims to proceed against additional defendants, the Entry Directing Development of Exhaustion Defense and Issuing Partial Stay, dkt. 20, is **VACATED**. After the defendants answer the complaint based on this Order, the Court will direct what further proceedings are necessary. If the defendants again raise the exhaustion defense, Sturgis is informed that the proper way to respond to that defense is to respond to the defendants' motion for summary judgment, if one is filed.

The **clerk shall add** Sergeant Marodo, Officer Mathema, Captain Boldman, Sergeant Yea Yea, and Sergeant Howard as defendants on the docket. The clerk is directed pursuant to Fed. R. Civ. P. 4(c)(3) to issue process electronically to these defendants as specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 5/27/2022

*Tanya Walton Pratt*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEMETRIUS L. STURGIS
281702
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov

Julie Tront
Office of Indiana Attorney General
julie.tront@atg.in.gov

Electronic Service to the Following Employees of the Indiana Department of Correction:

Sergeant Marodo, Officer Mathema, Captain Boldman, Sergeant Yea Yea, and Sergeant Howard

All at Pendleton Correctional Facility